**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52601**

| | |
|---|---|
| In the Matter of the Application for a Writ of Habeas Corpus on Behalf of: Amy Rose Bonning. | ) ) ) |
| AMY ROSE BONNING, | ) ) |
| Petitioner-Appellant, | ) ) |
| v. | ) ) |
| ASHLEY DOWELL, DIRECTOR PARDON PAROLE; and JOSH TEWALT, DIRECTOR IDAHO DEPARTMENT OF CORRECTION, | ) ) ) ) ) |
| Respondents. | ) ) |

Filed: February 18, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Abraham Wingrove, Magistrate.

Order dismissing intermediate appeal, <u>affirmed</u>.

Amy R. Bonning, Pahrump, Nevada, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Rebecca Strauss, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Amy Rose Bonning appeals from the district court's order dismissing her intermediate appeal of the magistrate court's order dismissing her petition for habeas corpus. We hold Bonning's failure to challenge the district court's conditional dismissal of her intermediate appeal on procedural grounds precludes review of her claims on appeal. The district court's order dismissing Bonning's intermediate appeal is affirmed.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Bonning is incarcerated on two different felony convictions. While in custody on those convictions, Bonning alleged she was sexually assaulted by Idaho Department of Correction (IDOC) prison staff while working as part of a prison work crew. Bonning alleged prison staff intimidated and retaliated against her after she reported the sexual assault. Bonning also alleged she attempted to exhaust all administrative remedies but was prevented from doing so. Bonning then filed a petition for habeas corpus, requesting she be released from the custody of IDOC as a remedy for the sexual assault and retaliation.

The magistrate court noted Bonning had not provided proof that she exhausted all administrative remedies, and she had not pled her claims with specificity and particularity; the magistrate court gave her thirty days to amend her petition and provide the necessary proof. Bonning filed additional documents, some of which were duplicates. The magistrate court then dismissed Bonning's petition, finding: (1) none of the filed documents provided proof Bonning exhausted administrative remedies; and (2) Bonning failed to assert her claims in her petition with sufficient specificity and particularity.

Bonning appealed to the district court. The district court, acting in its intermediate appellate capacity, entered an order conditionally dismissing Bonning's appeal because the required filing fee had not been paid and Bonning's notice of appeal did not comply with Idaho Rule of Civil Procedure 83(c) and (d). In its conditional order, the district court gave Bonning fourteen days to correct the deficiencies. Bonning did not pay the filing fee or file an amended notice of appeal, so the district court dismissed Bonning's intermediate appeal.

Bonning then appealed the district court's dismissal. The Idaho Supreme Court conditionally dismissed Bonning's appeal because the required fee for the clerk's record had not been paid. Bonning sought, and was granted, a fee waiver. The Supreme Court reinstated the appeal on the condition that Bonning file an amended notice of appeal that complied with I.A.R. 17(o). An amended notice of appeal was filed.

## II.

## ANALYSIS

The district court, acting as an intermediate appellate court, dismissed Bonning's appeal because she did not pay the required filing fee, and her notice of appeal did not comply with

I.R.C.P. 83(c) and (d). The State argues Bonning has waived her appeal because she did not respond to the district court's conditional dismissal of her intermediate appeal. Because of the procedural default, the State argues this Court is precluded from considering the merits of Bonning's appeal. Alternatively, the State argues that even if considered on the merits, on appeal, Bonning does not challenge the district court's dismissal on procedural grounds, and thus, has waived any challenge to the district court's procedural default of her intermediate appeal. We agree.

Because of the procedural default, the district court did not review Bonning's claims on the merits. Thus, the only issue this Court can review is whether the district court erred in dismissing Bonning's intermediate appeal on procedural grounds. However, Bonning does not challenge the district court's dismissal of her intermediate appeal. A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief. *Dodd v. Jones*, 175 Idaho, 382, 398, 566 P.3d 379, 395 (2025). Bonning's failure to address whether the district court erred in dismissing her intermediate appeal precludes review of the district court's dismissal. *Id.* In other words, for this Court to review whether the magistrate court erred in dismissing Bonning's habeas corpus petition, Bonning would first have to address whether the district court, acting in its appellate capacity, erred in dismissing her appeal of the magistrate court's dismissal of her petition. Bonning's failure to challenge the district court's dismissal of her intermediate appeal results in a waiver of both the claims that the district court erred in dismissing her intermediate appeal and the magistrate court erred in dismissing her habeas corpus petition. Consequently, there is nothing for this Court to review.

## III.

## CONCLUSION

The district court's order dismissing Bonning's intermediate appeal of the magistrate court's order dismissing her habeas corpus petition, is affirmed.

Judge GRATTON and Judge LORELLO, **CONCUR**.